UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICHARD MIRTO,

      Plaintiff,

v.                                                                                 06-3296

JAMES A. DEVINE, Iroquois County
State's Attorney, and
PEOPLE OF THE STATE OF ILLINOIS,

      Defendants.

## Case Management Order (Merit Review)

The plaintiff, currently incarcerated in Centralia Correctional Center, filed this action alleging that, on March 23, 2006, State's Attorney Devine, on behalf of the People of Illinois, wrongfully and maliciously filed a motion in state court to destroy Plaintiff's personal property (a personal computer and other belongings). The property had been seized by Iroquois investigators during a search (consented) of Plaintiff's home in January 2003. The investigation allegedly revealed no crime by Plaintiff,[1] but apparently Plaintiff's property was kept by the County and eventually destroyed pursuant to Devine's motion.

The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g) states that "in no event shall a prisoner bring a civil action . . . under this section . . . if the prisoner has . . . [three strikes] . . ., unless the prisoner is under imminent danger of serious physical injury."

Plaintiff essentially asserts the deprivation of his property through unauthorized and random actions (Devine's malicious failure to give notice of his motion to destroy Plaintiff's property). Plaintiff's remedy lies in state court, not federal court. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327,

---

[1]The IDOC website (www.idoc.state.il.us)(last visited 9/21/07) reflects that Plaintiff was taken into custody on January 31, 2003, and is now serving sentences for criminal sexual assault/families, child pornography, and aggravated criminal sexual abuse of a victim age 13-16.

106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *See also In re Forfeiture of $2,354.00*, 326 Ill. App. 3d 9, 760 N.E.2d 565 (Ill. App., 2d Dist., 2001)(forfeiture vacated because undelivered certified letter did not satisfy due process requirements for notice); *People v. Smith*, 275 Ill. App. 3d 844, 656 N.E. 2d 797 (1995)(non-judicial forfeiture declared void *ab initio* because notice sent to defendant's home address when he was incarcerated). If Plaintiff is challenging the state court's order of destruction, this court lacks jurisdiction to entertain that challenge. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the Court finds that the plaintiff fails to state a claim upon which relief may be granted. Accordingly, Plaintiff case is dismissed and closed, all pending motions denied as moot.

2) This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).

3) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change;

Entered this 28th Day of September, 2007.

                    s\Harold A. Baker

                    HAROLD A. BAKER
                    UNITED STATES DISTRICT JUDGE